**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

NYU HOSPITALS CENTER,

                   Plaintiff,

- vs. -

AETNA HEALTH INC.,

                   Defendant.

Case No.: _____

ECF CASE

**NOTICE OF REMOVAL**

---

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Defendant Aetna Health Inc. ("Aetna" or "Defendant"), by their attorneys Lowey Dannenberg, P.C., hereby gives notice of the removal of this action from the Supreme Court of the State of New York, County of New York, Index No. 651515/2018, to the United States District Court, Southern District of New York, under 28 U.S.C. §§ 1331, 1441(a) and 1446(b)(1).

**I.      PROCEDURAL BACKGROUND AND NATURE OF THE ACTION**

1.      On or about March 29, 2018, Plaintiff NYU Hospitals Center ("Plaintiff") commenced this action by filing a Summons and Verified Complaint (the "Complaint") in the Supreme Court of the State of New York, New York County, captioned *NYU Hospitals Center v. Aetna Health Inc.*, Index No. 651515/2018. *See* Summons and Verified Complaint, attached hereto as Exhibit 1.

2.      The Complaint seemingly alleges that the nature of this action is breach of contract arising from hospital services provided between April 4, 2016 to June 25, 2016 by

1

Plaintiff to a Patient, who was a dependent covered by a Member insured by an Aetna Plan. *See* Ex. 1, Complaint at ¶¶ 3-8.

3.      Plaintiff filed an Affidavit of Service on April 10, 2018. *See* Affidavit of Service, attached hereto as Exhibit 2.

4.      Plaintiff filed an Amended Affidavit of Service on April 23, 2018. *See* Amended Affidavit of Service, attached hereto as Exhibit 3.

5.      Aetna received the Summons and Complaint in its Blue Bell, PA office on April 23, 2018.

6.      Aetna filed this Notice of Removal within 30 days after the receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based.  Aetna received Plaintiff's Summons and Complaint on April 23, 2018, which included the first identifying information provided by Plaintiff and the first opportunity for Aetna to determine that the Patient treated by Plaintiff was covered under an ERISA plan. *See* Ex. 1, Complaint at ¶ 4. Even based on the April 9, 2018 service date referenced in Plaintiff's Amended Affidavit of Service, Aetna timely filed this Notice of Removal.  *See* Ex. 3, Amended Affidavit of Service.

7.      The Complaint pleads that Plaintiff is a domestic corporation maintaining a facility to render hospital services in the City of New York, State of New York. *Id.* at ¶ 1.

8.      The Complaint pleads that Aetna is a domestic corporation conducting business in the State of New York. *Id.* at ¶ 2.

9.      The Complaint pleads that Plaintiff contracted with Aetna to provide hospital services to Members of Aetna and their eligible dependents at negotiated rates to be paid to Plaintiff by Aetna. *Id.* at ¶ 3.

10.     The Complaint pleads that between April 4, 2016 to June 25, 2016, Plaintiff rendered hospital services to a Patient, who was a dependent covered by a Member of Aetna. *Id.* at ¶ 4.

11.     The Complaint pleads that Plaintiff billed Aetna for services provided to its Member at the negotiated rates in effect on the service dates, but Aetna has failed to reimburse Plaintiff. *Id.* at ¶¶ 5-6.

12.     On that basis, the Complaint pleads that "Plaintiff has been damaged in the amount of $142,257.80." *Id.* at ¶ 8.

13.     The Complaint seeks a sum of no less than $142,257.80. *Id.* at ¶ 8 and relief requested.

## II.     BASIS FOR SUBJECT MATTER JURISDICTION

### A.     This Action Arises Under the Laws of the United States

14.     Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

15.     This Action arises under the laws of the United States, specifically provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.

16.     This action may therefore be removed to this Court under 28 U.S.C. §§ 1331, 1441(a) and 1446(b)(1).

### ERISA Preemption

17.     Where a claim brought in state court is within the scope of ERISA, the preemption power of ERISA takes effect.  Employee Retirement Income Security Act of 1974 § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(b). ERISA's express preemption clause, § 514(a), states that ERISA

3

supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). The Supreme Court has held that ERISA is a federal statute that entirely pre-empts state law causes of action because it seeks to establish a "uniform regulatory regime over employee benefit plans." *Chau v. Hartford Life Ins. Co.*, 167 F. Supp. 3d 564, 570 (S.D.N.Y. 2016) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208, 124 S.Ct. 2488 (2004)). The state law and common law causes of action asserted in Plaintiff's Complaint relate to an ERISA benefit plan and are therefore within ERISA's preemption clause. Pursuant to 29 U.S.C. § 1132(e)(1), the district courts of the United States shall have exclusive jurisdiction over such claims. Thus, Plaintiff's claims alleged in its Complaint are preempted and/or removable to Federal Court. *See Davila*, 542 U.S. at 200 (holding that when a federal statute completely pre-empts a state-law cause of action, the state claim can be removed).

## III.   PROCEDURAL AND OTHER MATTERS

18.     This Notice of Removal is timely filed with this Court under 28 U.S.C. § 1446(b)(1), having been filed within 30 days after Defendant's receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based.

19.     The venue of this removal action is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of New York embraces the judicial circuit which includes the New York County Supreme Court where the state court action has been pending. Such venue is alleged as proper solely for removal purposes.

20.     By filing this Notice, Defendant does not waive its right to object to service, service of process, the sufficiency of process, venue, or jurisdiction, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

4

21.     No Act of Congress prohibits the removal of this cause, and the cause is removable under 28 U.S.C. §§ 1331, 1441(a) and 1446(b)(1).

22.     Immediately upon filing this Notice of Removal, Defendants will provide written notice to Plaintiff's attorney of the removal of this case and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County, under 28 U.S.C. § 1446(d).

23.     Counsel for Defendant has served by mail a copy of this notice on Plaintiff's counsel.

24.     This Notice of Removal has been signed under Rule 11 of the Federal Rules of Civil Procedure.

IV.    **CONCLUSION**

**WHEREFORE,** Defendant in the action described herein, now pending in the Supreme Court of the State of New York, New York County, Index No. 651515/2018, requests that this action be removed from that court to the United States District Court for the Southern District of New York, and request that this action proceed in this Court as an action properly removed to it.

Dated: May 9, 2018
      White Plains, New York

**LOWEY DANNENBERG, P.C.**

By:    _____

Gerald Lawrence, Esq.
Frank Strangeman, Esq.
44 South Broadway, Suite 1100
White Plains, NY 10601
Phone: (914) 997-0500

*Attorneys for Defendant Aetna Health Inc.*


TO:    William A. Hecht, Esq.
       William A. Hecht, P.C.
       84 Business Park Drive, Suite 110
       Armonk, New York 10504
       (*via U.S. First Class Mail and E-mail*)

       *Attorney for Plaintiff NYU Hospitals Center*

6

## <u>CERTIFICATE OF SERVICE</u>

I, Frank Strangeman, hereby certify that on May 9, 2018, the foregoing Notice of

Removal with accompanying Exhibits (1-3) was served by first-class U.S. mail upon:


William A. Hecht, Esq.
William A. Hecht, P.C.
84 Business Park Drive, Suite 110
Armonk, New York 10504
(*via U.S. First Class Mail and E-mail*)

Hon. Milton A. Tingling
New York County Clerk's Office
Supreme Court of the State of New York
New York County
60 Centre Street
New York, NY 10007
(*via U.S. First Class Mail*)

**LOWEY DANNENBERG, P.C.**

By:  _____

Frank Strangeman, Esq.
44 South Broadway, Suite 1100
White Plains, NY 10601
Phone: (914) 997-0500

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
NYU HOSPITALS CENTER,                                INDEX NO.:

                              Plaintiff,              SUMMONS

        -against-
                                                     The basis of venue:
                                                     Plaintiff's place of business

AETNA HEALTH INC.,                                   Plaintiff's address:
                                                     14 Wall Street
                                                     New York, NY

                              Defendant.
------------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANT:

        YOU ARE HEREBY SUMMONED to answer the Complaint in the above-entitled action

and to serve a copy of your Answer on the Plaintiff's attorney within twenty (20) days after the

service of this Summons, exclusive of the day of service, or within thirty (30) days after the

completion of service where service is made in any other manner than by personal delivery

within the State. In case of your failure to appear or answer, judgment will be taken against you

by default for the relief demanded in the Complaint.

        New York County is designated as the place of trial.

DATED: March 23, 2018                        WILLIAM A. HECHT, P.C.
                                             Attorney for Plaintiff

                                             By: _____
                                             William A. Hecht, Esq.
**Defendant's Address:**                     84 Business Park Drive, Suite 110
Aetna Health Inc.                            Armonk, New York 10504
c/o Superintendent of Insurance              (914) 946-0647
New York State
Department of Insurance
25 Beaver Street
New York, New York 10004

Case 1:18-cv-04148  Document 1-1  Filed 05/09/18  Page 10 of 16

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
NYU HOSPITALS CENTER,                                    INDEX NO.:
                                Plaintiff,

        -against-                                        COMPLAINT

AETNA HEALTH INC.,
                                Defendant.
-------------------------------------------------------------------X

Plaintiff, NYU Hospitals Center, by its attorney William A. Hecht, P.C., as and for its

complaint against the Defendant alleges as follows:

1.      At all times mentioned herein Plaintiff, NYU Hospitals Center, was and still is a

domestic corporation maintaining a facility to render hospital services in the City of New York,

State of New York.

2.      Upon information and belief, at all times mentioned herein Defendant, Aetna

Health Inc., was and is a domestic corporation conducting business in the State of New York.

3.      Plaintiff contracted with Aetna Health Inc. ("Aetna"), to provide hospital services

to members of Aetna and their eligible dependents ("Member") at negotiated rates to be paid to

Plaintiff by Aetna.

4.      Plaintiff rendered hospital services to a Member ("the patient") of Defendant (last

4 digits of the policy no. 2496) from April 4, 2016 to June 25, 2016.

5.      Plaintiff billed Aetna for the services it provided to the Member at the negotiated

rates in effect on the dates of service.

6.      Aetna has failed to reimburse Plaintiff the negotiated rate.

7.      Plaintiff demanded payment of the negotiated rate and Aetna has refused to pay.

Case 1:18-cv-04148 Document 1 Filed 05/09/18 Page 11 of 16

8.      As a result of the foregoing, Plaintiff has been damaged in the amount of

$142,257.80.

WHEREFORE, Plaintiff, NYU Hospitals Center, demands judgment against Defendant,

Aetna Health Inc.,

a)      In the sum of One Hundred Forty-Two Thousand Two Hundred Fifty-Seven and

80/100 ($142,257.80) Dollars together with interest thereon from June 26, 2016;

b)      For costs and disbursements of this action; and

c)      For such other and further relief as this court deems just and proper.


Dated: Armonk, New York
       March 23, 2018

                                WILLIAM A. HECHT, P.C.
                                Attorney for Plaintiff

                        By:_____
                                William A. Hecht, Esq.
                                84 Business Park Drive, Suite 110
                                Armonk, New York 10504
                                (914) 946-0647

Case 1:18-cv-04148 Document 1-1 Filed 05/09/18 Page 12 of 16

Index No. _____                                    Year _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NYU HOSPITALS CENTER,

                                              Plaintiff,

        - against -

AETNA HEALTH INC.,

                                              Defendant.

SUMMONS AND COMPLAINT

WILLIAM A. HECHT, P.C.
*Attorney for Plaintiff*
84 Business Park Drive, Suite 110
Armonk, New York 10504
(914) 946-0647

*Pursuant to 22 NYCRR 130 -1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in he annexed documents are not frivolous.*

*Dated: March 23, 2018*                 Signature: _____
                                         Print Signer's Name:. _____

*Service of a copy of the within is hereby admitted*

*Dated:*                                 Print Signer's Name: _____

PLEASE TAKE NOTICE

    Notice of Entry
        *that the within is a (certified) true copy of a*
        *duly entered in the office of the clerk of the within named Court on*
    Notice of Settlement
        *that an order for*                *of which the within is a true copy will be presented for*
        *settlement to the Hon.*           *, one of the judges of the within named Court, at*
        *on              at*               *a.m.*

*Dated: Armonk, New York*

                                         William A. Hecht, P.C.
                                         *Attorney for Plaintiff*
                                         84 Business Park Drive, Suite 110
                                         Armonk, New York 10504
                                         (914) 946-0647

# EXHIBIT 2

WILLIAM A HECHT PC
Suitable Age Service

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

### AFFIDAVIT OF SERVICE



*2216259*

Index no :**651515/2018**
Date of Purchase: **03/29/2018**

| Plaintiff: | NYU HOSPITALS CENTER |
|---|---|
| Defendant: | AETNA HEALTH INC |

STATE OF NEW YORKCOUNTY OF NEW YORK          ss.:

**TRAVICK STEWART**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of New York.

On **04/09/2018** at **11:38 AM**, I served the within **SUMMONS AND COMPLAINT; NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING together with a witness fee check in the amount of $40.00 on SUPERINTENDANT OF INSURANCE ON BEHALF OF AETNA HEALTH INC at 1 STATE STREET PLAZA**, New York, NY10004 in the manner indicated below:

By delivering and leaving a true copy or copies of the aformentioned documents with said **Robert Freedman**, **MANAGING AGENT FOR SUPERINTENDANT OF INSURANCE** a person of suitable age and discretion.

A description of the **DEFENDANT**, or other person served on behalf of the **DEFENDANT** is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| **Male** | **White** | **Black** | **50** | **5'11"** | **190** |
| Other Features: **Balding** | | | | | |

Sworn to and subscribed before me on
04/10/2018



X _____
**TRAVICK STEWART**
License#: 1417667
AAA Attorney Service Co. of NY, Inc.
20 Vesey Street, Room 1110
New York,NY 10007
(212) 233-3508 Clerk: ASHWINEE

HARVEY TAUBER
Notary Public, State of New York
No. 01TA4667012
Qualified in BRONX
Commission Expires 12/31/2018

# EXHIBIT 3

Case 1:18-cv-04148 Document 1-1 Filed 05/09/18 Page 16 of 16

NYSCEF DOC. NO. 4
WILLIAM A HECHT PC
Suitable Age Service

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

Amended  **AFFIDAVIT OF SERVICE**

*2216259*

Index no :651515/2018
Date of Purchase: 03/29/2018

| Plaintiff: | NYU HOSPITALS CENTER |
|---|---|
| Defendant: | AETNA HEALTH INC |

STATE OF NEW YORKCOUNTY OF NEW YORK          ss.:

**TRAVICK STEWART**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of New York.

On **04/09/2018** at **11:38 AM**, I served the within **SUMMONS AND COMPLAINT; NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING together with a fee check in the amount of $40.00** on **SUPERINTENDANT OF INSURANCE ON BEHALF OF AETNA HEALTH INC** at **1 STATE STREET PLAZA**, New York, NY10004 in the manner indicated below:

By delivering and leaving a true copy or copies of the aformentioned documents with said **Robert Freedman**, **MANAGING AGENT FOR SUPERINTENDANT OF INSURANCE** a person of suitable age and discretion.

A description of the **DEFENDANT**, or other person served on behalf of the **DEFENDANT** is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Male | White | Black | 50 | 5'11" | 190 |
| Other Features: **Balding** | | | | | |

Sworn to and subscribed before me on
04/23/2018

X _____
TRAVICK STEWART
License#: 1417667
AAA Attorney Service Co. of NY, Inc.
20 Vesey Street, Room 1110
New York,NY 10007
(212) 233-3508 Clerk: Howard

HARVEY TAUBER
Notary Public, State of New York
No. 01TA4667012
Qualified in BRONX
Commission Expires 12/31/2018

